## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH HILL,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-4232** |
| | : | |
| **GENESIS F.S. CARD SERVICES,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

**MCHUGH, J.**                                                    **DECEMBER 10, 2021**

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by

Plaintiff Deborah Hill, proceeding *pro se*.  Also before the Court is Hill's Motion to Proceed *In*

*Forma Pauperis* (ECF No. 1).  Because it appears that Ms. Hill is unable to pay the filing fee, the

Court will grant her leave to proceed *in forma pauperis*.  For the following reasons, Hill's

Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii), and she will be granted leave to file an amended complaint.

## I.    FACTUAL ALLEGATIONS[1]

Ms. Hill brings this action against Defendant Genesis F.S. Card Services ("Genesis"),

alleging violations of the Fair Credit Reporting Act.  (ECF No. 2.)  Hill alleges that "[u]pon

reviewing [her] credit [report,] [she] noticed false information being reported about" her.  (*Id.* at

3.)  Specifically, Hill contends that Genesis is "[r]eporting inaccurate information to the credit

bureaus" with respect to her account.  (*Id.*)  Hill asserts that the "[i]naccurate information"

reported by Genesis "has dropped [her] credit score causing [her] higher rates on things such as

---

[1] The allegations set forth in this Memorandum are taken from Hill's Complaint and the exhibits attached thereto.  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

moving into a better neighborhood." (*Id.* at 4.)  She also alleges that she was forced to "empty [her] [savings] accounts out for expenses" related to her move, such as furniture, as a result of "failed credit checks." (*Id.*)  Hill claims that she was "denied multiple credit opportunities that [she] would have utilized instead of [paying] cash if [Genesis] [was] not reporting false information." (*Id.*)  In support of her allegations, Hill attached a copy of her credit report issued by the credit bureau, Experian, to her Complaint.  (*See id.* at 8-29.)  She also included a handwritten page that appears to be a series of notes Hill took based on communications she had with representatives for Genesis in September of 2021, which suggest that the amount of the debt at issue is $2,332.44 and that it was due on September 16, 2021.  (*Id.* at 30.)  Finally, Hill attached what appears to be a print-out of an online business profile for Genesis prepared by the Better Business Bureau which includes several consumer reviews.  (*See id.* at 31-37.)

Ms. Hill claims that as a result of Genesis reporting "inaccurate" information, she suffered a panic attack, lost hours at work, and sought medical attention from her doctor.  (*Id.* at 4.)  She also claims that this has "negatively affected every area of [her] life and [her] children[']s well  being." (*Id.*)  She seeks "$13,000 for emotional distress" and would like the Court to "permanently remove[] . . . [her] credit accounts [from] all 3 reports." (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Hill leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

2

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hill is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

## III.   DISCUSSION

Although she does not specifically cite the statute, the Court understands Hill's Complaint as raising claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the "FCRA is intended 'to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner.'" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA,

credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (per curiam) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Where a plaintiff fails to allege that the defendant communicated inaccurate information to a credit reporting agency, what that information was, that she disputed the information with the credit reporting agency, and that the defendant failed to reasonably investigate the dispute after having been notified by the credit reporting agency, she has failed to state a plausible violation of the statute.  *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that

4

Capital One failed to investigate and modify the inaccurate information").  Here, Ms.  Hill alleges in a broad, conclusory fashion that Genesis is reporting false and inaccurate information about her to the credit bureaus.  (ECF No. 2 at 3.)  However, Hill does not make any allegations regarding the specific nature of the false and inaccurate information, nor does she allege which credit reporting agencies received this allegedly false and inaccurate information.  She also fails to specify which accounts from her 39-page credit report are at issue.[2]  Hill also fails to allege that she filed a notice of dispute with the credit reporting agency, that the agency notified Genesis of the dispute, or that Genesis failed to investigate and modify the inaccurate information.[3]  Accordingly, Hill has not stated a plausible claim under the FCRA, and her claim will be dismissed without prejudice.  Hill will be granted leave to file an amended complaint to cure the deficiencies the Court has identified with respect to her FCRA claim.

---

[2] A single page of Hill's Experian credit report (ECF No. 2 at 25) has several handmade markings that Hill appears to have made to draw the Court's attention to the specific credit card account detailed on that page.  Hill's Experian credit report reflects that the name of this specific credit card account is "TBOM/MILESTONE", account number 541051XXXXXXXXXX.  (*Id.*)  Her credit report further reflects that this account is closed but has a balance of $2,284.  (*Id.*)  Although neither the credit report nor Hill expressly allege that this is the account Hill maintained through Genesis, the Court notes that the address Hill provided for Genesis in her Complaint is the same as that listed on her credit report for this account – PO Box 4499, Beaverton, OR 97076.  (*Id.* at 2, 25.)  The Court, however, declines to speculate whether this is the account for which alleges Genesis reporting false and inaccurate information.

[3] However, Hill's credit report reflects that she has disputed at least three separate accounts.  (*See id.* at 14) (credit card account name: First Premier Bank; account number: 517800XXXXXXXXXX; report notes "Account information disputed by consumer"); (*id.* at 15) (credit card account name: First Premier Bank; account number: 517800XXXXXXXXXX; report notes "Account information disputed by consumer"); (*id.* at 25) (credit card account name: TBOM/MILESTONE; account number 541051XXXXXXXXXX; report notes "Account closed at consumer's request and dispute investigation completed – consumer disagrees[.]"  Again, the Court declines to speculate if any of these disputes relate to the relevant account for which Hill claims Genesis is reporting false and inaccurate information.  Additionally, these notes in her credit report about various disputes do not contain enough factual details to demonstrate that she satisfied the requirements under the FCRA.

## IV.    CONCLUSION

For the reasons stated, Hill's application for leave to proceed *in forma pauperis* will be granted and her Complaint will be dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  Hill will be granted leave to amend her Complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

**     /s/ Gerald Austin McHugh     **
**GERALD A. MCHUGH, J.**